**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| RALPH BASS, LEILA BASS, JAMES T. BEARDEN, GEORGIANNE B. BEARDEN, GAIL L. QUINN, STELLA REVARD, DONALD SANDERS, and MARY SANDERS, | : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | 5:06-cv-278 (HL) |
| CITY OF FORSYTH, GEORGIA; JAMES E. PACE, JR., individually and as Mayor of the City of Forsyth, Georgia; HAL CLARKE, SANDRA DEWS, MIKE DODD, CHRIS HEWETT, LAMAR RUSSELL, and ROSEMARY WALKER, as Members of the City Council of the City of Forsyth, Georgia; WOLVERTON & ASSOCIATES, INC.; THOMAS STEINKAMP; RONALD M. SHIPMAN; JOAL P. SHIPMAN; W. PHILLIP RHODES; JOE B. RHODES; LUCY ANN RHODES BENNETT; GENEVIEVE R. MILLER; WALTER R. KYTE; NANCY L. KYTE; FLORENCE D. PACE; PLANTATION INVESTORS, LLC; and D. ALAN CROTTS, | : : : : : : : : : : : : : : : : : | |
| Defendants. | : : | |

**O R D E R**

Before this Court are two separate Motions to Dismiss (docs. 27 and 32, respectively), filed by the Individual and the City Defendants.[1]  At issue in this case is whether a vote by the city

---

[1] The Individual Defendants are James E. Pace, individually, Wolverton & Associates, Inc., Thomas Steinkamp, Joal P. Shipman, Ronald M. Shipman, W. Phillip Rhodes, Joe B. Rhodes, Lucy Ann Rhodes Bennett, Genevieve R. Miller, Walter R. Kyte, Nancy L. Kyte, Florence D. Pace, Plantation Investors, LLC and D. Alan Crotts.  The City Defendants are James E. Pace Jr., as Mayor of the City of Forsyth, Georgia, and Hal Clarke, Sandra Dews, Mike Dodd,

council to grant a certain number of rezoning applications was legal and constitutional. The vote allowed nine parcels of land to be rezoned from residential or mixed to solely commercial. Plaintiffs, all residents of the City of Forsyth who own property bordering the rezoned parcels, filed the present action against the City of Forsyth, the Mayor of Forsyth, the members of the Forsyth City Council, and the applicants who sought to have their parcels rezoned. The motions currently pending seek dismissal of Plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim. This order will dispose of both motions. For the reasons discussed below, Defendants motions are GRANTED in part and DENIED in part.

## I. BACKGROUND

While the causes of action in the case at bar arose out of a controversial city council vote on July 18, 2006, the events leading up to the vote are relevant to the prosecution of this case. On July 5, 2006, the Mayor and City Council published a notice announcing a public hearing to be held on July 18, 2006 to consider submitted rezoning applications. The notice also announced that the matter would be presented to the Forsyth Planning and Zoning Commission for consideration and recommendations during a public hearing to be held on July 12, 2006.

Plaintiffs, in an effort to uncover Defendant City of Forsyth's standards governing the exercise of its zoning power, contend that Defendant City of Forsyth has failed to adopt any such standards–a violation of Georgia Zoning Procedures Law. Further, Plaintiffs allege that a hearing before the Forsyth Planning and Zoning Commission scheduled to take place on July 12 was never

Chris Hewett, Lamar Russell, and Rosemary Walker, as members of the City Council of the City of Forsyth, Georgia. While each group has filed its own Motion to Dismiss, the arguments are virtually the same. As such, the Court will refer to the collective group as simply "Defendants" when addressing arguments made by both groups.

held, and that other required notification was inadequate.

Ultimately, Plaintiffs contend that the July 18 vote effecting the rezoning of the parcels at issue was arbitrary and capricious and done without any rational basis. Although not specifically enumerated as counts in the Complaint, the following causes of action are alleged: (1) violations of Plaintiffs' substantive and procedural due process rights as guaranteed by the United States Constitution, (2) violations of Plaintiffs' substantive and procedural due process rights as guaranteed by the Georgia Constitution, and (3) violations of Georgia zoning law.

## II.   DISCUSSION

### A.   Motion to Dismiss Standard

Defendants move to dismiss Plaintiffs' Complaint, relying on Federal Rule of Civil Procedure 12, which provides in part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . (6) failure to state a claim upon which relief can be granted . . . .

Fed. R. Civ. P. 12(b)(1), (6). A motion to dismiss a plaintiff's complaint, or a portion thereof, under Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Furthermore, "[a]t the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999). Finally, the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low." Ancata v. Prison Health Servs. Inc., 769

3

F.2d 700, 703 (11th Cir. 1985) (quotation and citation omitted).

**B.      Takings and inverse condemnation**

Defendants object to what they characterize as Plaintiffs' takings and inverse condemnation claims. Specifically, Defendants contend that Plaintiffs have not exhausted their state law remedies, and at this point procedurally, a takings or inverse condemnation claim is not properly before this Court. In response to Defendants' objections, Plaintiffs reveal that the Complaint contains neither a takings nor an inverse condemnation claim, notwithstanding language normally associated with such claims. Since Plaintiffs disavow the takings and inverse condemnation claims, the Court will refrain from making a determination as to their survival of the motion to dismiss hurdle. Accordingly, Defendants' Motions to Dismiss are DENIED AS MOOT so far as they seek to dismiss takings or inverse condemnation claims that Plaintiffs concede they never filed.

**C.      Standing**

The City Defendants, while mostly adopting the arguments made by the Individual Defendants, are alone in challenging whether Plaintiffs have standing to file their lawsuit in this Court. Specifically, the City Defendants rely on Georgia law and contend that Plaintiffs lack standing since they "stand in no position any different than the general public and [they] do not have a substantial interest in the zoning decision of the property of the Individual Defendants nor suffer any special damages or injuries not common to all property owners similarly situated, if at all." (City Defs'. Mot. Dismiss, doc. 34, at 10-11.) The Court finds that the foregoing argument does not support a lack of standing. Therefore, City Defendants' Motion to Dismiss for lack of standing is DENIED.

The irreducible constitutional minimum of standing contains three elements: injury in fact,

causation, and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). District courts in the Eleventh Circuit have found that disgruntled property owners who challenge the zoning of neighboring parcels have satisfied the aforementioned requirements, ultimately concluding that the property owners had standing. E.g., Rectory Park, L.C. v. City of Delray Beach, 208 F. Supp. 2d 1320, 1327 (S.D. Fla. 2002). Specifically, the Southern District of Florida held: "Zoning ordinances serve in large part to protect property values by regulating land use by adjoining landowners. As such, the neighboring property owners are seeking to vindicate their own right to be free of arbitrary or irrational zoning actions." Id. at 1326 (internal quotation marks omitted). Plaintiffs here are similarly situated to the plaintiffs in Rectory Park. Plaintiffs in the case at bar have alleged, inter alia, harm to their property values–an allegation that qualifies as the requisite injury in fact. Plaintiffs aver that the rezoning that caused the alleged harm was brought about by an arbitrary and capricious decision by the City Defendant. Finally, Plaintiffs' prayer for injunctive relief will redress the alleged injury. Therefore, the Court concludes that Plaintiffs do not lack standing to challenge the rezoning as is contemplated by the City Defendants.

**D.     Substantive due process**

Defendants seek to dismiss Plaintiffs' claim that the July 18 decision violated Plaintiffs' substantive due process rights as guaranteed by the United States and Georgia Constitutions.[2] Specifically, Defendants note the "presumption of constitutionality" that shrouds zoning ordinances if the validity of the zoning classification can be said to be fairly debatable. BFI Waste Sys. of N. Am. v. Dekalb County, Ga., 303 F. Supp. 2d. 1335, 1349 (N.D. Ga. 2004) ("This presumption flows

---

[2] The substantive due process analysis under the U.S. Constitution is consistent with that of the Georgia Constitution. See Ga. Dep't of Human Res. v. Sweat, 580 S.E.2d 206, 210 (Ga. 2003).

5

out of the recognition that the local legislative body is more familiar with local conditions and thus in a better position than the courts to determine the nature and scope of necessary regulation."). "The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (citing Palko v. Connecticut, 302 U.S. 319, 325 (1937)).

The Eleventh Circuit, however, has addressed this issue and found that generally, zoning decisions do not implicate constitutional guarantees and that generally the federal judiciary should not act as a review panel for a zoning board. Greenbriar Vill., L.L.C. v. City of Mountain Brook, 345 F.3d 1258, 1262 (11th Cir. 2003). The rationale behind this general rule is that substantive due process protections only apply to rights created by the Constitution, and not to rights created by state law. McKinney, 20 F.3d at 1556 ("[S]ubstantive due process rights are created only by the Constitution.") (citing Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229 (1985)). While state law zoning decisions typically do not fall under the purview of substantive due process, the Eleventh Circuit recognizes an exception to this rule, allowing the infringement of state-created rights to rise to the level of a substantive due process violation. "Where an individual's state-created rights are infringed by legislative act, the substantive component of the Due Process Clause generally protects him from arbitrary and irrational action by the government." Lewis v. Brown, 409 F.3d 1271, 1273 (11th Cir. 2005) (internal quotation marks omitted); see Greenbriar Vill., LLC, 345 F.3d at 1263 ("[N]on-legislative deprivations of state-created rights, which would include land-use rights, cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrary and irrationally."). The classification of the July 18, 2006 City Council vote granting the applications for rezoning as a legislative or executive (non-legislative) act will determine the

6

dismissal of Plaintiffs' substantive due process claims.

All parties agree that the Eleventh Circuit's opinion in Lewis is instructive; indeed all parties cite the Lewis opinion as favorable authority for their position. The Lewis case dealt with a county commissioner's decision to deny rezoning applications submitted by three landowners, and whether said decision was legislative or executive. Lewis, 409 F.3d at 1273. While the details of the case at bar and Lewis differ, the relevant fact–a decision on a rezoning application–is the same. One glaring difference is the result of the rezoning application, a difference that Plaintiffs argue is dispositive of the issue:

> Unlike Lewis, the decision being challenged in this case is not a denial of an application to rezone property. Rather, the decision at issue is a decision to change the zoning of property. Further, unlike Lewis, the decision at issue in this case is not a decision to enforce an existing zoning designation. To the contrary, the decision at issue here is a decision to change an existing zoning designation.

(Pls' Resp., doc. 41, at 6.) While the Court notes Plaintiffs' attempt to distinguish Lewis, it must disagree with the analysis.

In Lewis, the Eleventh Circuit recognizes the difficulty that can arise when trying to designate the actions of certain government officials as legislative or executive. When faced with the task of categorizing the actions of government officials whose responsibilities consist of both legislative and executive duties, the appellate court relied on McKinney,[3] one of its earlier opinions, to distinguish legislative and executive acts:

> The crucial distinction between executive acts and legislative acts, we said in

---

[3] "Executive acts characteristically apply to a limited number of persons (and often to only one person); executive acts typically arise from the ministerial or administrative activities of members of the executive branch. . . . Legislative acts, on the other hand, generally apply to a larger segment of–if not all of–society; laws and broad-ranging executive regulations are the most common examples." McKinney, 20 F.3d at 1557 n.9.

7

> McKinney, was the impact an act of the government had on the public. If the act applied "to a limited number of persons," then it is an executive decision; if it "generally appl[ies] to a larger segment of-if not all of-society," then it is legislative decision.

Lewis, 409 F.3d at 1274 n.1 (citing McKinney, 20 F.3d at 1557 n.9). In lieu of wrestling with the distinction between denying a rezoning application–and essentially enforcing existing zoning regulations–and granting a rezoning application–an act that can be considered a change in existing zoning regulations–the Court will apply the well settled McKinney impact test to determine whether the July 18, 2006 City Council vote should be considered a legislative act or an executive act.[4]

Here, the Individual Defendants applied for rezoning, submitting a total of nine applications for consideration. On July 18, 2006, the City Council decided to grant the nine applications. This Court struggles to see how this vote affected a larger segment of–if not all of–society. The undersigned concludes that the City Council vote on July 18, 2006 was an executive act, and therefore the alleged deprivation does not warrant substantive due process protection. With respect to Plaintiffs' substantive due process claims, Defendants' motion to dismiss is GRANTED.

### E. Procedural due process

During the pendency of these Motions to Dismiss, Defendants have filed Motions for Summary Judgment (docs. 61 and 71). With respect to procedural due process, the Court chooses to address the issue on summary judgment. This issue is totally absorbed by the subsequently filed summary judgment motions, and is better addressed in that forum. As a result, concerning Plaintiffs' procedural due process claims, Defendants' Motions to Dismiss are DENIED as MOOT.

### F. State law claims

---

[4] The Court is, however, inclined to find that deciding on rezoning application, regardless of the outcome, is an executive act.

8

Finally, Defendants seek to dismiss Plaintiffs' state law claims. Plaintiffs have alleged violations of Georgia's Zoning Procedures Law for City Defendants' alleged failure to adopt standards governing the exercise of their zoning power. Defendants contend that such claims require exhaustion at the state level, and should therefore be dismissed. However, under these circumstances, exhaustion is not necessarily required: "Where a party has exhausted or, because of the invalidity urged, need not exhaust his administrative or legal remedies, a court of equity may grant relief." Vaughan v. Duke, 205 S.E.2d 499, 501 (Ga. Ct. App. 1974); see also Brock v. Hall County, 236 S.E.2d 90, 91 (Ga. 1977) ("Citizens who unsuccessfully oppose rezoning in hearings before governing bodies may obtain judicial review of rezoning decisions by suits in equity as there is no statutory review procedure (i. e., no adequate remedy at law)."). Because it does not appear beyond doubt that Plaintiffs can prove no set of facts in support of their claim, Defendants' Motions to Dismiss the state zoning procedures law violation for lack of exhaustion are DENIED.

## III. CONCLUSION

Accordingly, Defendants' Motions to Dismiss are DENIED as MOOT with respect to takings and inverse condemnation, and procedural due process; DENIED with respect to the state law claim; and GRANTED with respect to substantive due process. The Court will address the surviving state law claim as well as procedural due process in Defendants' pending Motions for Summary Judgment.

SO ORDERED, this 16th day of November, 2007.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

HL/cbb

9