**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **RALPH BASS, LEILA BASS, JAMES T. BEARDEN, GEORGIANNE B. BEARDEN, GAIL L. QUINN, STELLA REVARD, DONALD SANDERS, and MARY SANDERS,** : : : : : : : | | |
| **Plaintiffs,** : | | |
| : | | |
| v. : | 5:06-cv-278 (HL) | |
| : | | |
| **CITY OF FORSYTH, GEORGIA; JAMES E. PACE, JR., individually and as Mayor of the City of Forsyth, Georgia; HAL CLARKE, SANDRA DEWS, MIKE DODD, CHRIS HEWETT, LAMAR RUSSELL, and ROSEMARY WALKER, as Members of the City Council of the City of Forsyth, Georgia; WOLVERTON & ASSOCIATES, INC.; THOMAS STEINKAMP; RONALD M. SHIPMAN; JOAL P. SHIPMAN; W. PHILLIP RHODES; JOE B. RHODES; LUCY ANN RHODES BENNETT; GENEVIEVE R. MILLER; WALTER R. KYTE; NANCY L. KYTE; FLORENCE D. PACE; PLANTATION INVESTORS, LLC; and D. ALAN CROTTS,** : : : : : : : : : : : : : : : | | |
| **Defendants.** : | | |

**O R D E R**

Before this Court are two separate Motions for Summary Judgment (docs. 61 and 71, respectively), filed by the Individual and the City Defendants.[1] At issue in this case is whether a

---

[1] The Individual Defendants are James E. Pace, in his individual capacity, Wolverton & Associates, Inc., Thomas Steinkamp, Joal P. Shipman, Ronald M. Shipman, W. Phillip Rhodes, Joe B. Rhodes, Lucy Ann Rhodes Bennett, Genevieve R. Miller, Walter R. Kyte, Nancy L. Kyte, Florence D. Pace, Plantation Investors, LLC and D. Alan Crotts. The City Defendants are James E. Pace Jr., as Mayor of the City of Forsyth, Georgia, and Hal Clarke, Sandra Dews, Mike Dodd,

vote by the city council to grant a certain number of rezoning applications was legal and constitutional. The vote allowed nine parcels of land to be rezoned from residential or mixed to solely commercial. Plaintiffs, all residents of the City of Forsyth who own property near the rezoned parcels, filed the present action against the City of Forsyth, the Mayor of Forsyth, the members of the Forsyth City Council, and the applicants who sought to have their parcels rezoned.

Defendants filed Motions to Dismiss (docs. 27 and 32) seeking the dismissal of Plaintiffs' claims for lack of subject matter jurisdiction and failure to state a claim. During the pendency of these motions, Defendants filed the summary judgment motions currently before the Court. Before ruling on summary judgment, the Court disposed of several issues at the dismissal stage. As a result, this Court has already dismissed Plaintiffs' claim for substantive due process violations. Also in that Order, the Court determined that Plaintiffs had standing to sue, and that, as part of their Complaint, they were not alleging a taking. The Court's disposition of Defendants' summary judgment motions is therefore limited to Plaintiffs' procedural due process claim and their state law claim. This order will dispose of both motions.

## I. BACKGROUND

Construing the facts in the light most favorable to Plaintiff, the non-moving party, the Court finds as follows.[2] Plaintiffs are property owners residing on Indian Springs Drive in Forsyth,

---

Chris Hewett, Lamar Russell, and Rosemary Walker, as members of the City Council of the City of Forsyth, Georgia. While each group has filed its own Motion for Summary Judgment, the arguments are virtually the same. As such, the Court will refer to the collective group as simply "Defendants" when addressing arguments made by both groups.

[2] As this Court has already disposed of several of Plaintiffs' claims, the recitation of the facts used to determine whether summary judgment is appropriate is limited to those facts applicable to the extant federal due process claim.

2

Georgia located in Monroe County. All of the Plaintiffs live across the street from the rezoned property that is the subject of this case. The Individual Defendants are all property owners who sought to have their parcels rezoned to commercial. The City Defendants are the City of Forsyth and the Mayor and City Council members. On May 11, 2006, applications were filed with the City of Forsyth on behalf of the Individual Defendants to have their parcels rezoned from residential to entirely commercial. The parcels were being rezoned to accommodate the arrival of a major retailer. On May 24, 2006, the Monroe County Reporter, a local newspaper of general circulation, published a notice of the proposed rezoning. On June 9, 2006, signs were placed on the Individual Defendants properties announcing the proposed rezoning from residential to commercial. Some, if not all, of Plaintiffs saw the legal notice and the posted signs.

On July 5, 2006, the City of Forsyth held a City Council meeting. One of the topics of that meeting was the proposed rezoning of Individual Defendants' properties. Some, if not all, of Plaintiffs were in attendance, and four spoke in opposition to the rezoning. Plaintiffs' counsel was in attendance and he spoke on their behalf in opposition to rezoning. During the meeting, it was announced that the applications for rezoning of the parcels at issue would be voted on at a hearing to take place on July 18, 2006.

At various times before the July 18, 2006 hearing, members of the City Council met with representatives of the major retailer to negotiate terms of the rezoning. The purpose of the work sessions was to determine what, if any, conditions the retailer had with respect to the upcoming zoning changes. City Council members and the representatives of the retailer were able to reach an agreement concerning the conditions of the potential rezoning.

On July 18, 2006, the City Council held a meeting and voted to grant the applications for

rezoning filed on behalf of the Individual Defendants. Once again, some, if not all, of Plaintiffs were in attendance, and one spoke in opposition to the rezoning. And like the earlier hearing, Plaintiffs' counsel was again in attendance and again spoke on their behalf in opposition to rezoning. Ultimately, the agreement reached as a result of the earlier work sessions was adopted by the City Council when it voted to approve the rezoning applications.

On August 17, 2006, Plaintiffs filed their Complaint. Ultimately, Plaintiffs contend that the July 18, 2006 vote approving the rezoning of the parcels at issue was arbitrary and capricious and done without any rational basis. Plaintiffs allege violations of their substantive and procedural due process rights as guaranteed by the United States Constitution and the Georgia Constitution, and they allege violations of Georgia zoning law. On November 16, 2007, this Court issued an Order (doc. 108) dismissing Plaintiffs' substantive due process claim. The Court chose to address the remainder of Plaintiffs' claims at the summary judgment stage.

Before beginning its analysis, the Court must dispose of Individual Defendants' Motion to Strike (doc. 107). On November 1, 2007, Plaintiffs sought to supplement their response to the summary judgment motions some four months after their original response was filed. With no explanation for the delay, Plaintiffs provide a supplemental argument based on language from an Order issued in a companion case also pending in this District. That particular Order was issued on August 12, 2007, but Plaintiffs did not see fit to supplement their response until the beginning of November. Further, the proffered supplement is not based on any newly acquired evidence. As a result, Individual Defendants' Motion to Strike is, and is hereby, GRANTED. The Court will not consider the contents of Plaintiffs' supplemented response in its decision.

## II. SUMMARY JUDGMENT STANDARD

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," then summary judgment must be granted. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the non-moving party. Beckwith v. City of Daytona Beach Shores, 58 F.3d 1554, 1560 (11th Cir. 1995). The Court may not, however, make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" which would entitle the moving party to a judgment as a matter of law. Celotex, 477 U.S. at 323 (internal quotation marks omitted). If the moving party meets this burden, the burden then shifts to the non-moving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the non-moving party is not entitled to a judgment as a matter of law. Id. at 324-26. This evidence must consist of more than mere conclusory allegations. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Under this scheme summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

5

## III. DISCUSSION

In their summary judgment motions, the Individual Defendants set out twelve separate arguments in support of an entry of judgment in their favor, and the City Defendants essentially adopt the same. Because the Court has ruled on Defendants' Motions to Dismiss during the pendency of the summary judgment motions, obviously not all the proffered arguments need be addressed. All that remains extant from the Court's earlier Order are Plaintiffs' procedural due process claims and their state law claims.

### A. Procedural Due Process

Plaintiffs allege that the controversial July 18, 2006 decision deprived them of property without procedural due process of law in violation of the Fifth and Fourteenth Amendments to the Unites States Constitution. In opposition to Defendants' summary judgment motion, Plaintiffs contend that a general issue of material fact exists as to whether they were denied their fundamental procedural process rights: notice and an opportunity to be heard. "The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385, 394 (1914). Further, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Indeed, whether Plaintiffs were notified of, and were provided an opportunity to be heard at, the July 18, 2006 hearing is the key inquiry in disposing of the summary judgment motion with respect to this issue.

Defendants assert they are entitled to summary judgment concerning Plaintiffs' procedural

6

due process claim because the evidence is undisputed that Plaintiffs were provided notice and an opportunity to be heard. Defendants, as the moving party in the summary judgment arena, bear the burden of demonstrating the absence of a general issue of material fact. In support of their motion for summary judgment, Defendants argue that Plaintiffs' own deposition testimony suggests that they indeed received due process.

Defendants further argue that there is no evidence that suggests Plaintiffs were denied notice and an opportunity to be heard. In fact, Defendants contend that not only were Plaintiffs given both notice and opportunity, but they availed themselves of such by appearing at multiple city council meetings and speaking, either individually or through counsel, in opposition to rezoning. It is uncontroverted that the July 18, 2006 meeting was made known to Plaintiffs. Plaintiffs testified in deposition that they attended an earlier council meeting that announced the pendency of the July 18, 2006 hearing. Several Plaintiffs even declared their concerns on rezoning at the May 2006 hearing. In addition to Plaintiffs learning about the upcoming hearing at the council meeting, the recognized methods of providing notice were also utilized. Notice of the proposed rezoning was published in the local paper, and signs were posted on the properties. Also uncontroverted is that members of the public were allowed to be heard at the July 18, 2006 hearing. Plaintiffs' counsel and one named Plaintiff spoke in opposition to rezoning the property at issue. With this evidence, Defendants have met their initial burden as the moving party. Specifically, Defendants have relied on Plaintiffs' own testimony to show that the procedural due process requirements of notice and opportunity to be heard were satisfied here. Such a showing triggers a burden shift in the summary judgment context.

As nonmoving party, Plaintiffs now have the burden to present specific evidence showing the existence of a genuine issue of material fact, or they must demonstrate that the facts as presented

7

by Defendants do not warrant judgment as a matter of law. Here, Plaintiffs do neither. Plaintiffs are saddled with the task of going beyond the pleadings to demonstrate the absence of a general issue of material fact, but they are unsuccessful. Plaintiffs never allege that Defendants failed to reasonably notify them of the pendency of the July 18, 2006 hearing. While Plaintiffs do provide evidence beyond the pleadings, none of it contravenes Defendants' evidence that Plaintiffs were notified through advertisement in the paper, signs posted on the property, and by announcement at an earlier hearing. Further, Plaintiffs never allege that any of them were denied an opportunity to be heard on the issue of rezoning at the July 18, 2006 hearing. These are the material facts that warrant judgment as a matter of law, and here they are undisputed.

In opposition to a grant of summary judgment, Plaintiffs can also challenge whether judgment as a matter of law is appropriate even in the absence of a genuine issue of material fact. Here, Plaintiffs argue that the specific methods of notification and the futility of speaking before the board create genuine issues of material fact that would preclude summary judgment. Essentially, Plaintiffs contend that the July 18, 2006 hearing was nothing more than a formality. Plaintiffs cite authority from the Supreme Court of the United States for the proposition that the "fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (citing Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). Plaintiffs present evidence of work sessions conducted between the city and a prospective retailer that took place before the July 18, 2006 hearing, and suggest that they were never afforded a meaningful opportunity to be heard.

This Court interprets the Mathews authority to require Defendants to provide Plaintiffs with a forum where they can voice their objections at such a time and in such a place that they may be

8

truly assessed for their merit. Plaintiffs were afforded both on July 18, 2006. While it may seem as though the work sessions removed any meaning from the hearing, such practices are typical, and have been held to be valid. See, e.g., Cross v. Hall County, 235 S.E.2d 379, 382 (Ga. 1977) ("Conditional zoning has been found to be valid in Georgia."). Ultimately, the evidence presented by Plaintiffs in their response is more indicative of a violation of Georgia zoning laws than a federal procedural due process violation.

The Court concludes that Defendants have, through the presentation of uncontroverted deposition testimony, satisfied their burden and demonstrated the absence of a genuine issue of material fact. Further, the Court concludes that Plaintiffs did not present sufficient evidence to demonstrate the existence of a genuine issue of material fact that would preclude summary judgment. Accordingly, Defendants' Motions for Summary Judgment with respect to Plaintiffs' federal procedural due process claims are GRANTED.

### B. State law claims

Plaintiff's allege that, among other things, City Defendants failure to adopt standards governing the City of Forsyth's zoning power violated Georgia's Zoning Procedures Law. Defendants' main objection goes to jurisdiction rather than to the merits. Specifically, Defendants challenge the Court's exercise of supplemental jurisdiction over Plaintiffs' state law claims. The Court will revisit the abstention argument raised in Defendants' Motion to Dismiss. There, the Court did not address the issue because all Plaintiffs' federal claims had not been dismissed. Now, with this Order, the only claims that survive summary judgment are the state claims dealing with Georgia zoning law. Plaintiffs' case is better suited for state court, and the Court declines to continue the exercise of supplemental jurisdiction over these state-based claims.

## IV. CONCLUSION

Accordingly, Defendants' Motions for Summary Judgment (docs. 61 and 71) are, and are hereby GRANTED. Having dismissed or granted summary judgment as to the federal claims, the Court dismisses all remaining pendent state claims. As mentioned above, Individual Defendants' Motion to Strike (doc. 107) is GRANTED.

As a result of the disposition of this motion, all motions pending in the above-captioned case are, and are hereby, DENIED AS MOOT. Specifically, Individual Defendants' Motion for Protective Order (doc. 16), City Defendants' Motion to Compel (doc. 46), an Individual Defendant's Motion to Compel (doc. 48), Defendants' Joint Motion to Extend Deadline to File <u>Daubert</u> Motions (doc. 53), Individual Defendants' Motion to Quash and Motion for Protective Order (doc. 57), and Plaintiffs' Motion in Limine to Exclude Expert Testimony (doc. 62) are all DENIED AS MOOT. The disposition of these motions would have no affect on the outcome of the summary judgment motions that are the subject of this Order, and as a result, the Court need not address them after having ruled in Defendants' favor.

SO ORDERED, this 21st day of December, 2007.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

HL/cbb