**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **RALPH BASS, LEILA BASS, JAMES T. BEARDEN, GEORGIANNE B. BEARDEN, GAIL L. QUINN, STELLA REVARD, DONALD SANDERS, and MARY SANDERS,** | : : : : : : | |
| **Plaintiffs,** | : : | |
| v. | : : | 5:06-cv-278 (HL) |
| **CITY OF FORSYTH, GEORGIA; JAMES E. PACE, JR., individually and as Mayor of the City of Forsyth, Georgia; HAL CLARKE, SANDRA DEWS, MIKE DODD, CHRIS HEWETT, LAMAR RUSSELL, and ROSEMARY WALKER, as Members of the City Council of the City of Forsyth, Georgia; WOLVERTON & ASSOCIATES, INC.; THOMAS STEINKAMP; RONALD M. SHIPMAN; JOAL P. SHIPMAN; W. PHILLIP RHODES; JOE B. RHODES; LUCY ANN RHODES BENNETT; GENEVIEVE R. MILLER; WALTER R. KYTE; NANCY L. KYTE; FLORENCE D. PACE; PLANTATION INVESTORS, LLC; and D. ALAN CROTTS,** | : : : : : : : : : : : : : : : | |
| **Defendants.** | : | |

**O R D E R**

Before the Court is Plaintiffs' Motion for Temporary Restraining Order and Application for Preliminary Injunction (doc. 109). For the reasons set forth below, Plaintiffs' motion is DENIED.

**I.     BACKGROUND**

At issue in this case is whether a vote by the city council to grant a certain number of rezoning applications was legal and constitutional. The vote allowed nine parcels of land to be

rezoned from residential or mixed to solely commercial. Plaintiffs, all residents of the City of Forsyth who own property near the rezoned parcels, filed the present action against the City of Forsyth, the Mayor of Forsyth, the members of the Forsyth City Council, and the applicants who sought to have their parcels rezoned. Plaintiffs learned that a major retailer plan to begin clearing the rezoned area in preparation for constructing a store. Plaintiffs filed this motion to prevent any action from being taken to prepare for the parcels at issue for commercial use.

## II.  DISCUSSION

The standard for obtaining a TRO in this Circuit is the same as that for obtaining a preliminary injunction. See Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032 (11th Cir. 2001). "A TRO or preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (d) the TRO or preliminary injunction would not be adverse to the public interest." Id. (citing Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985)). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1265 (11th Cir. 2001).

The decision to grant or deny injunctive relief is within the sound discretion of the trial court. See Café 207, Inc. v. St. Johns County, 989 F.2d 1136, 1137 (11th Cir. 1993). A district court "must exercise its discretion in light of the four prerequisites." Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) (citations omitted). It has been noted in this Circuit that "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant

clearly carries its burden of persuasion on each of these prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001). Bearing this standard in mind, the Court will now consider and apply these factors.

### A. Likelihood of Success

A movant seeking a temporary restraining order must first demonstrate that there is a substantial likelihood that he or she will succeed on the merits of the claim. Here, Plaintiffs have provided no argument that success on their claim is likely. Further, this Court has recently issued a ruling on dispositive motions, granting Defendants' Motions for Summary Judgment (docs. 61 and 71). This resulted in judgment as a matter of law being entered in favor of Defendants on Plaintiffs' federal due process claim, and the dismissal of Plaintiffs' state law claims. Because it is clear that Plaintiffs' likelihood of succeeding on the merits of their claims is impossible, the Court finds it unnecessary to apply the remaining factors, as the burden is on the party moving for injunctive relief to satisfy each prerequisite. See Suntrust Bank, 252 F.3d at 1166 (11th Cir. 2001).

## III. CONCLUSION

Accordingly, Plaintiffs' Motion for Temporary Restraining Order and Application for Preliminary Injunction (doc. 109) is DENIED.

SO ORDERED, this 21st day of December, 2007.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

HL/cbb