# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RALPH BASS, LEILA BASS, JAMES T. BEARDEN, GEORGIANNE B. BEARDEN, GAIL L. QUINN, STELLA REVARD, DONALD SANDERS, and MARY SANDERS,** : : : : : : | |
| Plaintiffs, : | |
| v. : | 5:06-cv-278 (HL) |
| **CITY OF FORSYTH, GEORGIA; JAMES E. PACE, JR., individually and as Mayor of the City of Forsyth, Georgia; HAL CLARKE, SANDRA DEWS, MIKE DODD, CHRIS HEWETT, LAMAR RUSSELL, and ROSEMARY WALKER, as Members of the City Council of the City of Forsyth, Georgia; WOLVERTON & ASSOCIATES, INC.; THOMAS STEINKAMP; RONALD M. SHIPMAN; JOAL P. SHIPMAN; W. PHILLIP RHODES; JOE B. RHODES; LUCY ANN RHODES BENNETT; GENEVIEVE R. MILLER; WALTER R. KYTE; NANCY L. KYTE; FLORENCE D. PACE; PLANTATION INVESTORS, LLC; and D. ALAN CROTTS,** : : : : : : : : : : : : : : | |
| Defendants. : | |

## O R D E R

The issue resolved in this case was whether a vote by the city council to grant a certain number of rezoning applications was legal and constitutional. The vote allowed nine parcels of land to be rezoned from residential or mixed to solely commercial. Plaintiffs, all residents of the City of Forsyth who owned property near the rezoned parcels, filed the action against the City of Forsyth, the Mayor of Forsyth, the members of the Forsyth City Council, and the applicants who sought to

have their parcels rezoned. Through motions to dismiss and for summary judgment, this Court disposed of Plaintiffs' federal claims, and declined to continue the exercise of supplemental jurisdiction over their state-based claims.

Now before the Court is the Individual Defendants'[1] Motion for Attorneys' Fees (doc. 118). Individual Defendants request an award for attorneys' fees and costs in the amount of approximately $91,000 for having to defend the above-captioned lawsuit. For the reasons stated below, the Individual Defendants' motion is DENIED.

## I. FACTS

The facts in this case have been set forth in great detail in previously issued orders disposing of motions to dismiss and for summary judgment. As a result, the complete factual scenario of the above captioned case will not be fully recounted here. However, a brief recitation of the events is in order. Plaintiffs were property owners residing on Indian Springs Drive in Forsyth, Georgia located in Monroe County. All of the Plaintiffs lived across the street from the rezoned property that was the subject of this case. The Individual Defendants were all property owners who sought to have their parcels rezoned to commercial. The City Defendants consisted of the City of Forsyth, its Mayor, and its City Council members. On May 11, 2006, applications were filed with the City of Forsyth on behalf of the Individual Defendants to have their parcels rezoned from residential to entirely commercial. The parcels were being rezoned to accommodate the arrival of a major retailer.

---

[1] The Individual Defendants are the applicants who sought to have parcels rezoned: James E. Pace, in his individual capacity, Wolverton & Associates, Inc., Thomas Steinkamp, Jo Al P. Shipman, Ronald M. Shipman, W. Phillip Rhodes, Joe B. Rhodes, Lucy Ann Rhodes Bennett, Genevieve R. Miller, Walter R. Kyte, Nancy L. Kyte, Florence D. Pace, Plantation Investors, LLC and D. Alan Crotts.

On July 18, 2006, the City Council held a meeting and voted to grant the applications for rezoning filed on behalf of the Individual Defendants. Some, if not all, of Plaintiffs were in attendance, and one spoke in opposition to the rezoning. In addition, Plaintiffs' counsel was in attendance and spoke on their behalf in opposition to rezoning. Also, an agreement reached as a result of the earlier work sessions on conditional zoning was adopted by the City Council when it voted to approve the rezoning applications.

On August 17, 2006, Plaintiffs filed their Complaint (doc. 1). Plaintiffs contended that the July 18, 2006 vote approving the rezoning of the parcels at issue was arbitrary and capricious and done without any rational basis. Plaintiffs alleged violations of their substantive and procedural due process rights as guaranteed by the United States Constitution and the Georgia Constitution, and they alleged violations of Georgia zoning law. On November 16, 2007, this Court issued an Order (doc. 108) dismissing Plaintiffs' substantive due process claim. The Court chose to address the remainder of Plaintiffs' claims at the summary judgment stage. On December 21, 2007, this Court issued an Order (doc. 115) granted summary judgment on Plaintiffs' procedural due process claim, and dismissed the remaining pendent state claims. On January 4, 2008, the Individual Defendants filed the present attorneys' fee motion.

## III. DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1988, which allows "the court, <u>in its discretion</u>, [to] allow the prevailing party, other than the United States, a reasonable attorney's fee" in any action to enforce a provision of various statutes, including 42 U.S.C. § 1983. 42 U.S.C. § 1988 (2006) (emphasis added). Defendants, the prevailing party in the underlying lawsuit, contend that they are entitled to attorney's fees for having to defend against Plaintiffs'

3

substantive and procedural due process claims. While § 1988 grants courts the discretion to award attorney's fees, the Supreme Court, in <u>Christiansburg Garment Co. v. EEOC</u>, set forth the rules that determine the appropriateness of an attorney fee award: "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." 434 U.S. 412, 422 (1978). While not dispositive on the issue of a grant of attorneys' fees, the frivolity of Plaintiffs' claim is a threshold issue that must be decided before this Court will consider the propriety of a fee award to Defendants. <u>Tang v. Dep't of Elderly Affairs</u>, 163 F.3d 7, 15 (1st Cir. 1998) ("[T]he finding of frivolity [is] a necessary prerequisite. Notwithstanding such a finding, the district court still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case.")

The Eleventh Circuit addressed the issue of frivolity in <u>Sullivan v. School Bd.</u>, noting: "Factors considered important in determining whether a claim is frivolous [] include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." 773 F.2d 1182, 1189 (11th Cir. 1985). The Eleventh Circuit meant for these three elements to be used as general guidelines in determining frivolity, not as hard and fast rules. "Determinations regarding frivolity are to be made on a case-by-case basis." <u>Quintana v. Jenne</u>, 414 F.3d 1306, 1309 (11th Cir. 2005) (quoting <u>Sullivan</u>, 773 F.2d at 1189).

In support of their motion, the Individual Defendants contend that they prevailed over Plaintiffs in their § 1983 lawsuit, and that "Plaintiffs' claims for substantive and procedural due process violations were 'frivolous, unreasonable, or without foundation', and should never have

4

been brought in this Court." (Defs'. Mot., doc. 118, at 5.) Individual Defendants cite the Sullivan factors and assert that an analysis of the Eleventh Circuit framework results in a finding that an attorneys' fee award is appropriate. While no offer of settlement was alleged, Individual Defendants rely on Plaintiffs' alleged failure to establish a prima facie case, and the fact the federal claims did not survive the dispositive motions stage.

Plaintiffs oppose an attorneys' fee award on various fronts. First, Plaintiffs challenge Individual Defendants' status as a prevailing party as contemplated by § 1988. According to Plaintiffs, "[t]he Individual Defendants seek to recover attorneys' fees under § 1988, but no claim under § 1983 was made against them." (Pls'. Resp., doc. 127, at 3.) Plaintiffs contend that since their § 1983 claims–the alleged violations of their substantive and procedural due process rights–were only made against the City Defendants, and that the Individual Defendants were only named because they were indispensable parties to the litigation, the attorneys' fee provision in § 1988 should have no application to Individual Defendants who faced no § 1983 liability.

Second, Plaintiffs assert that even if Individual Defendants are considered a prevailing party for purposes of § 1988, an attorneys' fee award is nonetheless inappropriate as Plaintiffs' case was not frivolous. In a discusison redolent of a motion for reconsideration, Plaintiffs contend that while two of the Sullivan factors are satisfied, this analysis alone is not enough to determine whether an attorneys' fee award is suitable. Instead they recount the various ways in which this Court could have ruled differently in its earlier orders.

Without deciding the issue of whether the Individual Defendants are in fact a prevailing party where they were only a part of the litigation because they were indispensable parties, this Court is not inclined to consider Plaintiffs' claims as frivolous, groundless, or unreasonable,

notwithstanding their disposal on motions earlier motions.  Satisfaction of the three elements in Sullivan, standing alone, will not automatically result in a finding of frivolity.  Instead, such a determination must be made on a case-by-case basis.  Defendants contend that their earlier victories at various stages of this litigation entitle them to an award of attorneys' fees.  However, "[s]imply because the district court granted the defendants' motion for summary judgment does not mean that the plaintiffs' action was frivolous." O'Neal v. DeKalb County, 850 F.2d 653, 658 (11th Cir. 1988).  "In determining whether a suit is frivolous, a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Sullivan, 773 F.2d at 1189 (internal citation omitted).

Here, Plaintiffs' federal claims turned on issues that were not clearly determined by case precedent.  This case presented a unique factual scenario and Plaintiffs were able to present cogent–albeit unmeritorious–arguments complete with authority in support of their position.  In addition, Plaintiffs procedural due process claim was able to survive the dismissal stage.  That the discovery process did not yield sufficient evidence to support Plaintiffs' case does not change this Court's conclusion.  See Christiansburg, 434 U.S. at 422 ("Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.").  Nor may this Court rely on the benefit of hindsight to assess the frivolity of this case:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

6

Id. at 421-22. Therefore, because Plaintiffs' claims were not frivolous as contemplated by Sullivan, the Court's attorneys' fees inquiry ends here.

IV. **CONCLUSION**

Notwithstanding the grant of Individual Defendants' Motion to Dismiss and Motion for Summary Judgment, this Court does not find that Plaintiffs' claims were frivolous, unreasonable, or groundless. Accordingly, Individual Defendants' Motion for Attorneys' Fees (doc. 118) is, and is hereby DENIED.

SO ORDERED, this 15th day of April, 2008.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

HL/cbb